J-S55010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALICIA M. LONGO | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT T. LONGO, JR., | : | |
| | : | |
| Appellant | : | No. 727 MDA 2017 |

Appeal from the Decree April 4, 2017
In the Court of Common Pleas of Snyder County
Civil Division at No(s):  CV-375-2016

BEFORE:   DUBOW, J., RANSOM, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY DUBOW, J.:          **FILED SEPTEMBER 27, 2017**

Appellant, Robert T. Longo, Jr., appeals *pro se* from the April 4, 2017 Divorce Decree entered in the Court of Common Pleas of Snyder County. We dismiss this appeal.

The underlying facts are not relevant to our disposition.  Appellate briefs "must conform to the requirements of the Pennsylvania Rules of Appellate Procedure" and this Court may dismiss or quash an appeal if the defect in the brief is substantial.  ***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super. 2005).  ***See also*** Pa.R.A.P. 2111-2119 (discussing required content of appellate briefs and addressing specific requirements of each subsection of brief on appeal).

---

[*] Retired Senior Judge assigned to the Superior Court.

Although appellate courts are "willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Commonwealth v. Lyons****,* 833 A.2d 245, 251-52 (Pa. Super. 2003) (citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (citation omitted). Further, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." ***Commonwealth v. Sanford***, 445 A.2d 149, 150 (Pa. Super. 1982).

Appellant's Brief is woefully inadequate. It does not contain a statement of jurisdiction, the text of the order from which Appellant purports to appeal, a statement of the scope and standard of review, a summary of the argument, the trial court's 1925(a) Opinion, or an averment that the trial court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement. ***See*** Pa.R.A.P. 2111(a)(1), (2), (3), (6), (10), (11).

In addition, the statement of questions involved is unacceptably vague and inadequate.[1] The argument section is completely devoid of, among

---

[1] Appellant raises the following issues:
*(Footnote Continued Next Page)*

other things, any discussion and citation to supporting authority as required by Pa.R.A.P. 2119(b). ***See Hardy***, ***supra*** at 771 (Pa. Super. 2007) (stating that it is an appellant's duty when briefing issues to present arguments that are sufficiently developed with pertinent discussion, references to the record, and citations to legal authorities); ***Commonwealth v. B.D.G.***, 959 A.2d 362, 371–72 (Pa. Super. 2008) ("When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived."). Rather, in challenging his Divorce Decree, Appellant repeatedly makes assertions that do not relate to the substance of the Decree, including vague allegations that Appellee committed crimes and the courts failed to investigate.

Appellant's failure to adhere to the Rules of Appellate Procedure and to develop his issues with citation to legal authorities prevents this Court from conducting meaningful appellate review. We, thus, conclude that Appellant has waived his issues. Accordingly, we dismiss this appeal.

Appeal dismissed.

_____
*(Footnote Continued)*

    (1)    Should the appeal be granted?
    (2)    Should the judge's decision be overturned?
    (3)    Should [Appellee]'s crimes be investigated?
    (4)    Should [Appellee] be charged with the crimes?

Appellant's Brief at unpaginated 2 (some capitalization omitted).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/27/2017</u>